UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Hope Nardone,
        Plaintiff

        v.                                     Case No. 13-cv-390-SM
                                               Opinion No. 2014 DNH 065
Deutsche Bank National Trust Company,
as Trustee for the Certificate Holders
of Soundview Home Loan Trust
2006-OPT4, Asset-Backed Certificates,
Series 2006-OPT4,
        Defendant

### O R D E R

        Pro se plaintiff, Hope Nardone, filed this action in state court, challenging the foreclosure sale of her home. Specifically, she says the defendant (the "Trustee") had "no right or standing to foreclose" the mortgage deed to her property, that its "foreclosure deed is a fraud," and, therefore, it has no legal right to seek her eviction from that property. See Complaint (document no. 1-1) at 1-2. She seeks a judicial declaration that the foreclosure sale and foreclosure deed were invalid, an award of monetary damages for injuries she claims to have sustained, and a stay of the pending (state court) action by the Trustee to obtain possession of the subject property.

        Invoking this court's diversity jurisdiction, the Trustee removed the proceeding from state court and now moves to dismiss

Nardone's complaint on grounds that it fails to state a viable cause of action.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  Nardone objects. For the reasons discussed, the Trustee's motion to dismiss is granted.

## Standard of Review

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader."  <u>SEC v. Tambone</u>, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Instead, the facts alleged in the complaint must, if credited as true, be sufficient to

"nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570.  If, however, the "factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."  Tambone, 597 F.3d at 442.

Here, in support of its motion to dismiss, the Trustee relies upon various documents that are referenced in Nardone's complaint and recorded in the Rockingham County Registry of Deeds (the "Registry").  Those documents include the assignment of Nardone's mortgage deed, the notices of foreclosure, and the foreclosure deed itself.  While a court must typically decide a motion to dismiss exclusively upon the allegations set forth in the complaint (and any documents attached to that complaint) or convert the motion into one for summary judgment, see Fed. R. Civ. P. 12(d), there is an exception to that general rule:

> [C]ourts have made narrow exceptions for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.

Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (citations omitted).  See also Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008); Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).  The court may, then,

consider the documents referenced both in Nardone's complaint and the Trustee's memorandum, without converting the Trustee's motion into one for summary judgment.

## Background

This action arises out of the foreclosure of the mortgage deed to Nardone's property and the subsequent state court action to evict her from that property.  She seeks to invalidate the foreclosure sale, as well as the foreclosure deed by which the Trustee took title to her property, on grounds that the Trustee was not the (valid) mortgage holder of record and, therefore, could not have lawfully conducted the foreclosure sale.

Accepting the factual allegations set forth in Nardone's complaint as true, and based upon the publically-available documents recorded at the Registry, the relevant facts are as follows.  In March of 2006, as security for a loan in the principal amount of $342,000.00, Nardone gave Option One Mortgage Corporation a mortgage deed to her property.  In November of 2009, the mortgage was assigned to the Trustee and the assignment was recorded in the Registry.  See Assignment of Mortgage (document no. 2-2).  See also Complaint at para. 3. Subsequently, Nardone defaulted on the loan secured by that mortgage and the Trustee instituted foreclosure proceedings.  See

4

Foreclosure Affidavit (document no. 2-4).  Nardone was provided

with notice of the Trustee's intent to foreclose the mortgage,

which included the following statutorily-mandated language:

> You are hereby notified that you have a right to
> petition the superior court for the county in which the
> mortgaged premises are situated, with service upon the
> mortgagee, and upon such bond as the court may require,
> to enjoin the scheduled foreclosure sale.

Legal Notice of Foreclosure (document no. 2-4) at 5.  See also

N.H. Rev. Stat. Ann. ("RSA") 479:25.  Nardone did not seek to

enjoin the foreclosure sale.


On November 14, 2012, a foreclosure sale was conducted and

Nardone's property was sold at public auction.  The Trustee was

the highest bidder and it purchased the property for $166,400.00.

On April 5, 2013, a foreclosure deed memorializing the Trustee's

purchase of the property was recorded in the Registry.  See

Foreclosure Deed (document no. 2-5).  See also Complaint at 1.

Subsequently, the Trustee served Nardone with an eviction notice,

demanding that she vacate the property.  See generally RSA 540:12

(establishing a process by which the purchaser of property at a

foreclosure auction may obtain possession of that property).


In July of 2013, Nardone instituted this action, seeking to

invalidate the foreclosure sale and stay the state eviction

proceedings.  The precise legal basis for her requested relief is, however, unclear.  Her complaint merely alleges, without elaboration, that the Trustee acquired her mortgage deed "through a series of questionably legal assignments."  Complaint at 1. She also seems to believe that the Trustee lacked authority to take the assignment because it was executed "on or after November of 2009" and the Trustee is "a Real Estate Mortgage Investment Conduit (REMIC) trust, with both closing and cut-off dates in May of 2006 according to their SEC filings."  Id.  From that, Nardone concludes that the Trustee "had no right or standing to foreclose."  Id. at 2.

## Discussion

As noted above, it is difficult to discern the precise legal theory(s) Nardone is advancing in her complaint.  It is, however, reasonably clear that she believes the Trustee "lacked standing" to foreclose the mortgage deed to her property because: (1) it acquired the mortgage through a series of invalid or unlawful assignments, which involved an "elaborate and sophisticated fraud," and (2) the Trustee was prohibited by the terms of the trust instrument from acquiring her mortgage.  But, even liberally construing Nardone's complaint, it suffers from at least three fatal deficiencies.

First, her allegations of fraud are both vague and
conclusory.  So, to the extent she is attempting to advance free-
standing claims against the Trustee sounding in fraud, they are
simply insufficient to state a viable cause of action.  See
generally Fed. R. Civ. P. 9(b).  See also Sykes v. RBS Citizens,
N.A., 2014 WL 861376, 2014 DNH 045 (D.N.H. March 4, 2014) ("To
prove fraud based on a misrepresentation, a plaintiff must show
that the defendant knowingly made a false representation,
intending the plaintiff to rely on it, and that the plaintiff was
injured by his justifiable reliance on the misrepresentation.").
None of those essential elements is adequately alleged in
Nardone's complaint.

Second, to the extent she alleges that (undisclosed)
fraudulent conduct, or the terms of the trust itself, somehow
prevented the Trustee from acquiring good title to her mortgage,
that claim, too, must fail.[1]  As this court has repeatedly
stated, a mortgagee lacks standing to challenge the assignment of
her note or mortgage on grounds that would render the assignment
voidable (rather than void).  See, e.g., Bradley v. Wells Fargo

---

[1]     Nardone seems to claim that the pooling service
agreement or "PSA" that created the securitized trust for which
defendant served as trustee did not authorize the Trustee to
acquire her mortgage.  Consequently, says Nardone, the assignment
of her mortgage to the Trustee was invalid and, therefore, the
Trustee lacked the legal authority to conduct the foreclosure
sale.

Bank, N.A., 2014 WL 815333, 2014 DNH 41 (D.N.H. March 2, 2014);

Calef v. Citibank, N.A., 2013 WL 653951, 2013 DNH 23 (D.N.H. Feb.

21, 2013).  This is such a case.  See Woods v. Wells Fargo Bank,

N.A., 733 F.3d 349, 354 (1st Cir. 2013) ("[C]laims [by a

mortgagee] that merely assert procedural infirmities in the

assignment of a mortgage, such as a failure to abide by the terms

of a governing trust agreement, are barred for lack of

standing.").


     Finally, as the Trustee points out, Nardone's efforts to

challenge the authority of the Trustee to foreclose on her

mortgage deed, as well as any challenge to the validity of the

foreclosure sale itself, are barred by RSA 479:25.  As this court

(DiClerico, J.) recently observed:

> Any action or right of action of a mortgagor to
> challenge the validity of a foreclosure is barred
> unless the mortgagor instituted a petition to enjoin
> the foreclosure sale before it occurred.  RSA 479:25,
> II.  RSA 479:25, II, therefore, "bars any action based
> on facts which the mortgagor knew or should have known
> soon enough to reasonably permit the filing of a
> petition prior to the sale."

Neenan v. CitiMortgage, Inc., 2013 WL 6195579 at *2, 2013 DNH 163

(D.N.H. Nov. 26, 2013) (quoting Murphy v. Fin. Dev. Corp., 126

N.H. 536, 540 (1985)) (emphasis supplied).

Here, Nardone received notice of the impending foreclosure, as required by New Hampshire law.  She also recognized (or should have recognized) that the foreclosing entity was different than the entity to which she had given the mortgage deed to her property - that is to say, she knew or should have known that her mortgage had been assigned to the Trustee.  And, under well-established New Hampshire law, if she wished to challenge that assignment, she was required to do so prior to the foreclosure sale.  Because she neglected to do so, the claims she seeks to pursue against the Trustee in this action are barred by New Hampshire law.  See, e.g., Magoon v. Federal Nat. Mtg. Ass'n, 2013 WL 4026894 at *1 ("Claims based on the alleged invalidity of an assignment of the mortgage are barred by RSA 479:25, II unless the plaintiff petitioned to enjoin the foreclosure sale.").

### Conclusion

For the foregoing reasons, as well as those set forth in the Trustee's memoranda (document nos. 2-1 and 8), because Nardone failed to file a timely petition to enjoin the foreclosure sale of her property, she cannot now challenge the validity of that foreclosure.  Accordingly, the Trustee's Motion to Dismiss (document no. 2) is granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

April 4, 2014

cc:  Hope Nardone, pro se
     Paula-Lee Chambers, Esq.